STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
Gregory Bernstein (Cal. Bar No. 299204)
Assistant United States Attorney
Major Frauds Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: 213-894-3183
    Email:    Gregory.Bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| In re: Investigation of Kambiz Youabian | No. 2:22-MJ-3238<br><br>[PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION |
|---|---|

The Court has read and considered the parties' Stipulation for a Protective Order Regarding Discovery Containing Personal Identifying Information ("PII") filed by the government and Kambiz Youabian ("Youabian" or "the target"), which this Court incorporates by reference into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

    6.    The government is investigating Youabian for potential violations of 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud), 1028A (aggravated identity theft), 1956 (money laundering), and 1349 (conspiracy to commit mail and wire fraud) ("Target Offenses"). The government wishes to produce pre-indictment discovery to Youabian.

7. A Protective Order is necessary because the government intends to produce to the defense materials potentially containing third parties' PII. The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to the target an unredacted set of discovery containing this information without the Court entering the Protective Order. Moreover, PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to the target, or prepare for trial.

8. The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent the target.

9. Accordingly, the discovery that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

1. As used herein, "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

2. "Confidential Information" refers to any document or information containing PII Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

3. "Defense Team" includes (1) the target's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case. The Defense Team does not include the target, the target's family members, or any other associates of the target.

4. The government is authorized to provide defense counsel with Confidential Information marked with the following legend, "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," or otherwise denoted as subject to the protective order in the discovery index. The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder. The government may also redact any PII contained in the production of Confidential Information.

5. If the target objects to a designation that material contains Confidential Information, the parties shall meet and confer. If the parties cannot reach an agreement regarding the target's objection, the target may apply to this Court to have the designation removed.

6. The target and the Defense Team shall use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings.

7. The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including the target, while outside the presence of the Defense Team.

8. At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of the target, regardless of the target's custody status.

9. The target may review PII Materials only in the presence of a member of the Defense Team, who shall ensure that the target is never left alone with any PII Materials. At the conclusion of any meeting with the target at which the target is permitted to view PII Materials, the target must return any PII Materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her. The target may not take any PII Materials out of the room in which the target is meeting with the Defense Team.

10. The target may see and review Confidential Information as permitted by this Protective Order, but the target may not copy, keep, maintain, or otherwise possess any Confidential

13

Information in this case at any time. The target also may not write down or memorialize any name, social security number, date of birth, address, financial account number, or other means of identification or personal identifying information contained in the Confidential Information.

11. The Defense Team may review Confidential Information with a witness or potential witness in this case, including the target. A member of the Defense Team must be present if PII Materials are being shown to a witness or potential witness. Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

12. The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, the target, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, the target, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.

13. To the extent that the target, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that

copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

14. The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by the target and any motion filed by the target pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact any PII Materials and make all reasonable attempts to limit the divulging of PII Materials.

15. Any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of this Protective Order. If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," or otherwise being denoted as subject to the protective order on the discovery index, the government shall reproduce the material with the correct designation and notify defense counsel of the error. The Defense

Team shall take immediate steps to destroy the unmarked material, including any copies.

16. Confidential Information shall not be used by any member of the defense team, in any way, in any other matter, absent an order by this Court. All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court. Upon request by the government, defense counsel shall return all PII Materials, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

17. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for: (1) returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials.

18. Defense counsel shall advise the target and all members of the Defense Team of their obligations under the

Protective Order and ensure their agreement to follow the Protective Order, prior to providing the target and members of the Defense Team with access to any materials subject to the Protective Order.

19. The parties reserve the right to assert objections to this protective order if, and when, an indictment is returned and this matter is assigned to a United States District Judge. The terms of this Protective Order shall remain in effect unless, and until, any such terms are altered upon a ruling by the assigned United States District Judge.

IT IS SO ORDERED.

_____          _____
DATE                                     HONORABLE
                                         UNITED STATES MAGISTRATE JUDGE

Presented by:

*/s/ Gregory Bernstein*
Gregory Bernstein
Assistant United States Attorney